IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-cv-0875-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

A seven-day jury trial four years ago resulted in Charles Hall's conviction in Case No. 02-cr-30116. In December 2005, Hall filed the above-captioned civil proceeding challenging his sentence under 28 U.S.C. § 2255. After the issues were fully briefed and considered, the Court denied Hall's request for § 2255 relief and dismissed this case in July 2006. Judgment was entered against Hall on July 26, 2006.

Hall filed two appeals – one on July 31, 2006 and another on September 5, 2006 (Docs. 11, 19). The United States Court of Appeals for the Seventh Circuit issued mandates on the two separate appeals in December 2006 and February 2007, respectively. The Seventh Circuit dismissed one appeal – in which Hall challenged the undersigned Judge's ruling on a motion for certificate of appealability – "as unnecessary" (Doc. 27, p. 2) and dismissed the other appeal – in which Hall attacked this Court's denial of § 2255 relief – on the merits, finding "no substantial showing of the denial of a constitutional right" (Doc. 28, p. 2). The case was closed.

On April 30, 2007, Hall filed in the above-captioned case a "Motion to Vacate District Court Judgment ... Pursuant to Rule 60(b)(6)," which contends that the undersigned Judge made a "procedural error" when declining to issue Hall a certificate of appealability in August 2006.

The Court denies Hall's April 30, 2007 motion (Doc. 29) for the following reasons. First, it is unclear whether (and Hall has not shown how) this Court has subject matter jurisdiction to revisit this issue at this late date, with the appeals concluded and the case closed. Second, even if the Court has jurisdiction to consider the arguments raised in Hall's latest pleading, no relief is warranted under the Rule that Halls relies on – Federal Rule of Civil Procedure 60(b)(6).

Rule 60(b) permits a district court to relieve a party from an order or judgment on the following narrow grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief" from operation of the judgment or order.

In the case at bar, Hall relies on the last ground cited above – "any other reason justifying relief." But Rule 60(b) allows such relief only "where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *See Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). Hall has shown nothing close to that here.

To the contrary, and again assuming the Court has jurisdiction to address the substance of Hall's April 2007 pleading, his arguments are wholly devoid of merit. Hall contends that the undersigned Judge botched the procedural order/sequence in ruling on Hall's motion for certificate of appealability ("COA"): "the District Court lack[ed] Jurisdiction to deny Petitioner's COA BEFORE he filed a notice of appeal" (Doc. 29, p. 1; emphasis in original).

Plainly, Hall misunderstands the sequence of events in this case. Hall filed a notice of appeal on July 31, 2006. Then he filed a motion for leave to appeal in forma pauperis on August 14, 2006. Only <u>after</u> Hall's notice of appeal and motion for pauper status were on file did this Court rule on the certificate of appealability (declining to issue a COA but granting Hall pauper status on appeal, *see* Doc. 2006 dated August 17, 2006).

Hall also gets the timeline wrong when he asserts that this Court erred in ruling on the COA "**at the same time** it denied the Petitioner's 28 U.S.C. § 2255 motion" (Doc. 29, p. 7; emph. added). The Court denied Hall's § 2255 petition on July 18, 2006 and did not rule on the COA until *a month later* (after Hall appealed the § 2255 disposition). Hall's subsequent filing of a second separate appeal in September 2006 does not alter the fact that Hall already had a <u>July 2006</u> appeal on filed before this Court ruled on the COA in <u>August 2006</u>.

For all these reasons, the Court **DENIES** Hall's April 2007 Rule 60 motion (Doc. 29).

Two appeals having been taken and dismissed, and all issues herein having been disposed of with the case now closed, the Court **CAUTIONS** Hall against the filing of any future pleadings herein.

IT IS SO ORDERED.

DATED this 4th day of May 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Court
